IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

LUCIANA RAMOS, §
 §
Plaintiff §
 §
v. § NO. EP-14-CV-433-MAT
 §
NANCY A. BERRYHILL,[1] §
ACTING COMMISSIONER OF THE §
SOCIAL SECURITY ADMINISTRATION §
 §
Defendant §

## MEMORANDUM OPINION AND ORDER

This is a civil action seeking judicial review of an administrative decision pursuant to 42 U.S.C. § 405(g). Plaintiff Luciana Ramos ("Ramos") appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claims for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and Supplemental Security Income ("SSI") under Title XVI of the Act. The parties consented to the transfer of the case to this Court for determination and entry of judgment. *See* 28 U.S.C. § 636(c); Local Court Rule CV-72. For the reasons set forth below, the Commissioner's decision will be **AFFIRMED**.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this case.

# I. PROCEDURAL HISTORY

Ramos worked as a part-time cook's assistant for one year ending in October 2012, prior to which she worked at two Golden Corral restaurants for roughly seven years. (R. 73-74).[2] She was forty-nine years old at the time of her hearing before the Administrative Law Judge ("ALJ") in 2013. (R. 72). Ramos filed applications for SSI on March 8, 2010, and for DIB on March 12, 2010, in which she alleged disability beginning October 26, 2009, due to back problems, shoulder problems, problems with her waist, high blood pressure, cholesterol, and diabetes. (R. 285-92, 314). After her applications were denied initially and upon reconsideration, Ramos requested a hearing. (R. 145-158). On July 6, 2011, she appeared with her attorney for a videoconference hearing before an ALJ. (R. 43-68). During the hearing, the ALJ overruled an objection regarding the denial of a request for an in-person hearing. (R. 46-48). The Appeals Council remanded the matter because of the denial of the request for an in-person hearing. (R. 136-140). On March 25, 2013, an in-person hearing was conducted pursuant to the Appeals Council remand. (R. 69-89). On June 14, 2013, the ALJ issued a written decision denying benefits on the grounds that Ramos was capable of performing past relevant work as a cook's assistant and, in the alternative, other work that exists in significant numbers in the national economy. (R. 23-37). On September 5, 2014, the Appeals Council denied Ramos' request for review, thereby making the ALJ's decision the Commissioner's final administrative decision. (R. 3-9). Ramos argues that: (1) the ALJ erred in finding that Ramos' back impairments are not of listing-level severity; and (2) the ALJ's residual functional capacity ("RFC") determination is not supported by substantial evidence. (ECF No. 19, at 2-3).

---

[2] Reference to the record of administrative proceedings is designated by (R. [page number(s)]).

## II. DISCUSSION

A. STANDARD OF REVIEW

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001) (quoting *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). Substantial evidence is more than a scintilla, but less than a preponderance, and is such relevant evidence as a reasonable mind might accept to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). A finding of "no substantial evidence" will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988).

In determining whether there is substantial evidence to support the findings of the Commissioner, the Court must carefully examine the entire record, but may not reweigh the evidence or try the issues de novo. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). The Court may not substitute its own judgment "even if the evidence preponderates against the [Commissioner's] decision" because substantial evidence is less than a preponderance. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993). If the Commissioner applied the proper legal standards and her findings are supported by substantial evidence, they are conclusive and must be affirmed. *Id.*

Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can

3

be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Disability claims are evaluated according to a five-step sequential process: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe medically determinable physical or mental impairment or combination of impairments; (3) whether the claimant's impairment or combination of impairments meets or equals the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the impairment or combination of impairments prevents the claimant from performing past relevant work; and, (5) whether the impairment or combination of impairments prevents the claimant from doing any other work. 20 C.F.R. § 404.1520. A finding that a claimant is disabled or not disabled at any point in the process is conclusive and terminates the analysis. *Greenspan*, 38 F.3d at 236.

The claimant bears the burden of proof on the first four steps of the sequential analysis. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). Once this burden is met, the burden shifts to the Commissioner to show that there is other substantial gainful employment available that the claimant is capable of performing. *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir. 1989). The Commissioner may meet this burden by the use of opinion testimony of vocational experts or by use of administrative guidelines in the form of regulations. *Rivers v. Schweiker*, 684 F.2d 1144, 1155 (5th Cir. 1982). If the Commissioner adequately points to potential alternative employment, the burden then shifts back to the claimant to prove that he is unable to perform the alternative work. *Fruge v. Harris*, 631 F.2d 1244, 1246 (5th Cir. 1980) (citations omitted).

B. STEP THREE LISTING, DISORDER OF THE SPINE 1.04A

Ramos argues that the ALJ erred in finding her back impairment is not of listing-level

4

severity. At step three of the sequential evaluation, the burden rests with the claimant to prove that her impairment meets or medically equals an impairment enumerated in one of the listings. *See Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). To show that a back impairment qualifies under Listing § 1.04A, the claimant must demonstrate:

> Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine) . . .

20 C.F.R. § Pt. 404, Subpt. P, App'x 1, § 1.04A. An ALJ is required to discuss the evidence offered in support of a claimant's claim of disability and if no disability is found at the third step to explain the reasons why, though an exhaustive point-by-point discussion is not always required. *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (citing 42 U.S.C. § 405(b)(1)). In administrative proceedings, procedural perfection is not required—a judgment will only be vacated if the substantial rights of a party have been affected. *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) (citations omitted).

Ramos has failed to meet her burden of providing evidence of motor loss accompanied by sensory or reflex loss. Early in her argument, Ramos asserts that she meets or equals all criteria of Listing § 1.04A and cites over fifty pages of the record in support. (ECF No. 19, at 5). No analysis of the medical records is presented at this stage, and certain medical records are never discussed at all. Moreover, some of the medical records cited weigh *against* Ramos satisfying the Listing § 1.04A requirements. For example, one medical report from October 31, 2009, states that Ramos "[d]enies arthritis of back, limitation of activity, limitation of movement, pain without cause . . . ." (R. 427). Another medical report from July 17, 2012, asserts that Ramos

"complains of low back pain, but denies thoracic back pain, hip pain, SI joint pain, fever, flank pain, numbness, weakness, loss of sensation, decreased mobility . . . ." (R. 585). Absent analysis and explanation by Ramos' attorney, it is unclear how such records demonstrate that Ramos suffered motor loss accompanied by sensory or reflex loss.

Later, when specifically addressing the motor loss accompanied by sensory or reflex loss criterion, Ramos argues this requirement was met because she "testified that she cannot stand or walk long periods of time and experiences numbness to [her] arms, legs and hands." (ECF No. 19, at 6). The only evidence offered in support are subjective assessments made by Ramos during the hearing. (R. 56, 58-59, 82). Such subjective self-assessments are by themselves insufficient. *See* 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 1.00D ("These physical findings must be determined on the basis of objective observation during the examination and not simply a report of the individual's allegation; e.g., 'He says his leg is weak, numb.'"); *see also Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990) ("The claimant must provide medical findings that support each of the criteria for the equivalent impairment determination.") (citations omitted).

On the other hand, the ALJ's finding that Ramos has not sufficiently demonstrated motor loss accompanied by sensory or reflex loss is supported by the medical reports of examining physicians. On May 7, 2010, examining physician Onyema F. Amakiri, D.O., reported that Ramos' "[m]usculoskeletal exam reveals full range of motion, symmetric strength, and normal muscle tone without any atrophy or abnormal movements." (R. 454). A July 17, 2012, medical examination by Danelia Castellon, M.D., revealed that Ramos demonstrated "normal sensation, reflexes, coordination, muscle strength and tone." (R. 587).

Additionally, Ramos argues that the ALJ erred by not discussing a lumbar spine MRI when analyzing the applicability of Listing § 1.04A to her back impairment. Although the ALJ did not discuss the lumbar spine MRI at step three, it was addressed later on in her opinion in the context of determining Ramos' RFC. (R. 30). Thus, any limitations found in the lumbar spine MRI were ultimately discussed and considered by the ALJ, which is sufficient as procedural perfection is not a requirement. *See Mays*, 837 F.2d at 1364. Furthermore, the lumbar spine MRI in and of itself does not prove that Ramos suffered motor loss accompanied by sensory or reflex loss. (R. 493); *see also* 20 C.F.R. §§ 404.1525(d), 416.925(d) ("Your impairment(s) cannot meet the criteria of a listing based only on a diagnosis."). Accordingly, the Court finds that the ALJ's determination that Ramos' spinal disorder did not satisfy the requirements of Listing § 1.04A is supported by substantial evidence.

C. RFC SUPPORTED BY SUBSTANTIAL EVIDENCE

The ALJ found that Ramos has the RFC to perform medium work as defined in 20 C.F.R. 404.1567(c) and 416.967(c)[3] except that she is: (1) limited to work involving detailed but not complex tasks; (2) is able to maintain concentration, persistence, or pace for two hours at one time; and (3) is illiterate in the English language and communicates only in Spanish. (R. 28).

---

[3] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. **If someone can do medium work, we determine that he or she can also do sedentary and light work.**" 20 C.F.R. §§ 404.1567(c), 416.967(c) (emphasis added).

"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. §§ 404.1567(b), 416.967(b).

"'Frequent' means occurring from one-third to two-thirds of the time. Since frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, **the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday.** Sitting may occur intermittently during the remaining time." SSR 83-10, at *6 (1983) (emphasis added).

Ramos argues that the ALJ's RFC finding failed to accommodate her standing and walking limitations, specifically in regard to the six-hour standing/walking requirements of light work. In support of her argument, Ramos cites to several diagnoses and radiological results indicating that she suffers from a back impairment. However, none of these results explicitly establish any specific limitations regarding her ability to stand and/or walk for six hours in an eight-hour work day. *See Hames v. Heckler*, 707 F.2d 162, 165-66 (5th Cir. 1983) ("The mere presence of some impairment is not disabling per se. Plaintiff must show that she was so functionally impaired by her back trouble that she was precluded from engaging in any substantial gainful activity. . . . It should also be noted that individuals capable of performing even light or sedentary work, despite back trouble, are not disabled under the Act.") (internal citations omitted). A December 15, 2010, examination report does note that she had an abnormal gait. (R. 487). However, details as to any limitations related to the abnormality are not discussed. (R. 485-88).

The December 14, 2011, physician statement from Sergio Alvarado, M.D., is similarly unhelpful. Although the statement indicates that Ramos' "disability is permanent," it does not mention specific limitations that relate to her ability to stand or walk, and in fact contains scant information other than a primary "disabling" diagnosis of "severe back pain" and a secondary "disabling" diagnosis of "bilateral shoulder pain." (R. 556). *See Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003) (treating doctors opinions that a claimant is "disabled" or "unable to work" are not medical opinions and entail no special significance in the ALJ's determination).

The ALJ's RFC determination is supported by objective medical evidence in the record. Dr. Amakiri's examining consultation on May 7, 2010, revealed a:

> full range of motion, symmetric strength, and normal muscle tone without any atrophy or abnormal movements. Lumbar ROM shows 90 degrees flexion without pain, 45 degrees extension without pain, 45 degrees L Side bend without pain, 35 degrees R Side bend without pain, 60 degrees L Rotation without pain, 60 degrees R Rotation without pain. Movement is normal, can hop without difficulty and can squat without difficulty. Muscle strength is 5/5 for all groups tested. Muscle tone is normal. Muscle volume is normal. ROM is within normal limits. . . . Gait and station examination reveals midposition without abnormalities, moving normally, normal arm swing, with normal heel-toe and tandem walking, patient moves around the room easily, normal heel walking, normal tip-toe- walking and normal arm swing.

(R. 454). This evaluation is bolstered by a June 8, 2010, RFC assessment completed by state agency non-examining physician Roberta Herman, M.D., who concluded that Ramos can stand and/or walk for about 6 hours in an 8-hour workday, and otherwise supported an RFC finding of medium work. (R. 458). Dr. Herman's assessment was affirmed by Jeanine Kwun, M.D., on August 3, 2010. (R. 472). A May 25, 2012, medical report by Sergio Alvarado, M.D., states that Ramos' gait was "wnl" (within normal limits). (R. 595). These medical reports greatly outweigh the objective medical evidence offered by Ramos.

Ramos also offers her own subjective testimony that she is unable to stand and/or walk for six hours in an eight-hour work day. It is well established that the ALJ's credibility determinations regarding a claimant's subjective complaints are entitled to deference. *Brown v. Barnhart*, 372 F. Supp. 2d 957, 972 (S.D. Tex. 2005) (collecting cases). The ALJ determined that Ramos' subjective complaints as to her limitations were not credible inasmuch as they conflicted with the RFC finding. (R. 29). The ALJ offered several bases for finding the claimant not entirely credible, including: (1) the claimant's complaints at the hearing far exceeded objective medical findings and often the complaints she made to her health care providers; and (2) the claimant's lack of candor regarding her post-onset work activity. (R. 34). Ramos has not

offered rebuttals to the ALJ's concerns underlying the credibility finding, nor has she provided objective medical evidence that adequately supports her subjective claims. Accordingly, the Court finds that the ALJ's RFC determination is supported by substantial evidence.

### III. CONCLUSION

**IT IS ORDERED** that the decision of the Commissioner will be **AFFIRMED**.

**SIGNED** and **ENTERED** this 23rd day of October, 2017.

MIGUEL A. TORRES
UNITED STATES MAGISTRATE JUDGE